UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CALDERON ORTIZ; BONITAS
NAILS AND SPA INC.,

                           Plaintiffs,

          -against-

AMTRUST NORTH AMERICA; GC
BROKERAGE CORP.; CHESNUT
HOLDINGS; STATE OF NEW YORK
WORKERS COMPENSATION BOARD,

                           Defendants.

23-CV-3305 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, asserting claims of breach of contract and fraud. By order dated April 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ana Calderon Ortiz, a resident of Bronx County, filed this action on her own behalf and on behalf of Bonitas Nails and Spa, Inc. ("Bonitas"). Named as Defendants are: (1) Amtrust North America, Inc. ("Amtrust"), located in Cleveland, Ohio; (2) GC Brokerage Corp. ("GC"), located in Queens, New York; (3) Chesnut Holdings ("Chesnut"), located in the Bronx; and (4) the State of New York Workers Compensation Board ("WCB"). The following facts are gleaned from the complaint.

Plaintiff signed agreements to rent commercial space in the Bronx for Bonitas and to "insure the business premises as established on the landlord lease." (*Id.* ¶ III.) As a result of the

pandemic, Bonitas suffered "business losses" and went bankrupt. According to Plaintiff:

(1) Amtrust showed "bias" in "den[ying] Plaintiff's benefits of coverage under the [Family Medical Leave Act] and the [Americans with Disabilities Act], based on personal injury and damages caused to premises caused by COVID-19"; (2) Chesnut "generated and created an abusive lease with [a] discriminatory clause that [did] not assimilate with similar businesses of the same size, and same business purposes (a hair salon) and a tax office"; (3) GC failed "to read and exercise precaution when creating" the "business policy," and "failed to exercise professional care by not pointing out the abusive clauses on the landlord lease"; and (4) New York State failed to investigate Amtrust's breach of contract and benefits denial," and "did not appropriate[ly] review the business contract and insurance policy for fairness, equitability, and accuracy, thus affecting [Plaintiff's] "coverage and access to the benefits." (*Id.*)

Plaintiff asserts the following claims: "contract, business legal, data breach, breach of contract, contractual agreement, credit card fraud, social security fraud, false claims, banks and banking fraud." (*Id.* ¶ 1.A.) Plaintiff seeks $10 million in damages for "illnesses caused" by stress, allergies, and "infected premises" that "activated [Plaintiff's] asthma, damaged Plaintiff's "personal and social life, as well as work record." (*Id.* ¶ IV.)

Documents attached to the complaint include: part of a landlord-tenant lease between Plaintiff and Chestnut Holding for a Bronx retail location; part of an insurance policy; rent payments; rent due notices; and a New York State Workers Compensation policy. (*Id.* at 10-50.)

## DISCUSSION

### A.   *Pro se* representation

To the extent that Plaintiff asserts claims on behalf of Bonitas Nails and Spa, Inc., which appears to be a corporation, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an

attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that she is an attorney, and she does not allege that Bonitas is a sole proprietorship; rather, it appears to be a corporation. Accordingly, to the extent that Plaintiff asserts claims on behalf of Bonitas, the Court dismisses those claims without prejudice.

**B.      Claims under federal criminal statutes**

Insofar as Plaintiff suggests that Defendants violated federal criminal laws, she cannot initiate the arrest and prosecution of an individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses these claims for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

C.     **Americans with Disabilities Act**

Plaintiff invokes the Americans With Disabilities Act ("ADA"), which consists of three

parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II,

42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities; and Title III, 42

U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations. *PGA*

*Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). The purpose of the ADA is "to ensure evenhanded

treatment between the disabled and the able-bodied." *Feliz v. City of New York*, No. 18-CV-5023

(PAE) (SN), 2019 WL 6831552, at *9 (S.D.N.Y. Aug. 5, 2019) (citing *Garcia v. S.U.N.Y. Health*

*Scis. Ctr. of Bklyn.*, 280 F.3d 98, 112 (2d Cir. 1998)), *report and recommendation adopted*, 2019

WL 4386017 (S.D.N.Y. Sept. 13, 2019). The statute requires that disabled individuals receive

"reasonable accommodations" that allow them to have access to and take a meaningful part in

public services. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003). The ADA

defines a disability as "[a] physical or mental impairment that substantially limits one or more

major life activities . . . or being regarded as having such an impairment." 42 U.S.C.

§ 12102(1)(a-c).

Plaintiff does not identify herself as disabled under the ADA, and the facts alleged do not

suggest that any Defendant is subject to the ADA in a capacity relevant to Plaintiff's claims, or

that any Defendant discriminated against Plaintiff because of a disability. The Court grants

Plaintiff leave to file an amended complaint to provide facts showing that she can state a viable

ADA claim.

D.     **Family Medical Leave Act**

Plaintiff also invokes the Family Medical Leave Act ("FMLA"), which provides that

certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month

period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The

FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(C). Here, Plaintiff indicates that she was self-employed, and she provides no facts showing how any of the named Defendants violated her rights under the FMLA. The Court grants Plaintiff leave to amend her complaint to provide any other available facts in support of a clam under the FMLA.

### E.    Claim against New York State Workers Compensation Board

Plaintiff's claim against the New York State Workers Compensation Board ("WCB") could arguably arise under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

As a general matter, however, state governments may not "be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* The WCB is an arm of the State of New York. *See Palma v. Workers Comp. Bd.*, 151 F. App' x 20, 21 (2d Cir. 2005) (summary order). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore bars Plaintiff's Section 1983 claim against the WCB from proceeding in federal court, and the Court dismisses that claim on immunity grounds.

F.      **State law claims**

Plaintiff's allegations could arguably give rise to claims under state law. It is not clear from the facts alleged, however, that the Court has subject matter jurisdiction of any such claims if all the federal claims are dismissed.

1.      Diversity of Citizenship Jurisdiction

To assert state law claims under diversity jurisdiction, 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not allege facts demonstrating that this court has diversity jurisdiction of her claims. First, although Plaintiff seeks $10 million in damages, she provides no facts showing that to a reasonable probability, her claim satisfies the $75,000 jurisdictional minimum. Second, Plaintiff indicates that all parties are citizens of New York, with the exception of Amtrust. Diversity of citizenship is therefore not complete.

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff may be able to amend her complaint to assert state law claims solely against Amtrust. The Court grants Plaintiff leave to amend her complaint, should she wish to do so, to replead her allegations show that the court has subject matter jurisdiction of this action.

2.      Supplemental jurisdiction

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise

supplemental jurisdiction of state-law claims once it has dismissed all of the federal claims of

which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early

stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction.").

Because it is not clear that Plaintiff can state any federal claim, the Court will determine

at a later time whether to exercise supplemental jurisdiction of any state-law claims Plaintiff

seeks to raise in any amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir.

2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend her complaint

to provide more facts about her claims. In the "Statement of Claim" section of the amended

complaint form, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant. If Plaintiff has an address for any named

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3305 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 5, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes      ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　　(Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                          Email Address (if available)

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 4: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

